JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fred and Madeline Rullo

**DEFENDANTS**
Wells Fargo Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff: **Chester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attached Sheet

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692
Brief description of cause:
Violation of the Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 25,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8/24/11
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| FRED P. RULLO, JR., and MADELINE RULLO | : | CIVIL ACTION |
| v. | : | |
| WELLS FARGO BANK, N.A. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 08/23/2011 | Thomas P. Hogan, Esquire | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 430-8000 | (610) 692-6210 | thogan@lambmcerlane.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 321 Applebrook Drive, Malvern, PA  19335

Address of Defendant: 420 Montgomery Street, San Francisco, CA  94104

Place of Accident, Incident or Transaction: Repeated telephone calls in violation of Fair Debt Collectors Practices Act at Plaintiffs' leased residence in Chester County, PA.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) Violation of Fair Debt Collector Practices Act

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Thomas P. Hogan, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/23/2011   _____   67116
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/24/11   _____   67166
                 Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED P. RULLO, JR., and　　　　　　　　　:
MADELINE RULLO　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　: CIVIL ACTION NO.
　　　　　　Plaintiffs,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　　　　　: JURY TRIAL DEMANDED
　　　　　　　　　　　　　　　　　　　　　　　　:
WELLS FARGO BANK, N.A.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　　　　　:

## I.   INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiffs Fred P. Rullo, Jr., and Madeline T. Rullo, individual consumers, against Defendant Wells Fargo Bank, N.A. (hereinafter "Wells Fargo" or "the Bank") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692 and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.   Venue in this District is proper in that the Defendant transacts business here, Plaintiffs leased a residence here, and the conduct complained of occurred here.

## III.   PARTIES

4.   During the course of conduct complained of herein, Plaintiffs Fred P. Rullo, Jr., and Madeline Rullo leased a residence at 321 Applebrook Drive, Malvern, Pennsylvania 19335.

1

5. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), is a Delaware corporation regularly engaged, *inter alia*, in the business of collecting debt in the Commonwealth of Pennsylvania with its principal place of business located at 420 Montgomery Street, San Francisco, California 94104.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTS

7. Plaintiffs own a residence located in Arden, North Carolina (the "Residence").

8. To purchase the Residence, Plaintiffs sought and obtained a mortgage (the "Mortgage") from Wells Fargo.

9. Plaintiffs complied with the terms of the Mortgage, making regularly scheduled payments to Wells Fargo.

10. However, along with millions of Americans, Plaintiffs experienced severe financial distress during the economic downturn in 2008 and 2009.

11. Because of the attendant consequences of the Plaintiffs' severe financial distress, Wells Fargo alleged that Plaintiffs were delinquent in complying with the mortgage.

12. In the summer of 2010, representatives from the Bank began telephoning Plaintiffs on a near-daily basis in an attempt to collect on alleged debts owed to Wells Fargo by Plaintiffs.

13. In response to the daily calls from the Bank, Plaintiffs retained Vincent T. Donohue, Esquire of Lamb McErlane, PC, in West Chester, Pennsylvania to work with Wells Fargo to resolve any and all alleged claims.

14. On or about July 19, 2010, Plaintiffs' counsel notified Wells Fargo in writing that he had been retained to represent Plaintiffs. Per Wells Fargo's instructions, Plaintiffs' counsel completed and faxed a Wells Fargo-issued authorization form to the contact number provided by Wells Fargo, notifying Wells Fargo of his representation of the Plaintiffs. A copy of the transmission of the authorization is attached hereto as **Exhibit "A"**.

15. The purpose of the authorization form was to evidence the Plaintiffs' permission for the Bank to discuss the matter with Plaintiffs' counsel.

16. Despite complying with the Bank's procedures, representatives from the Bank frequently continued to call Plaintiffs demanding repayment of alleged debts. Plaintiffs repeatedly informed the Bank's representatives that they should direct all calls to their counsel.

17. Because the Bank failed to adhere to the Plaintiffs' instructions to direct all calls to their counsel, in October 2010, Plaintiffs' counsel called the Bank to reiterate counsel's representation of the Plaintiffs, during which call the Bank's representative asked counsel to re-submit the form.

18. In October 2010, Plaintiffs' counsel re-completed and faxed the Wells Fargo-issued form notifying Wells Fargo of his representation of the Plaintiffs, and requesting that all contact from the Bank be made through him. Along with the new authorization form, Plaintiffs' counsel re-submitted the form previously submitted in July 2010. A copy of the October transmission of the authorization is attached hereto as **Exhibit "B"**.

19. During this time period, Plaintiffs' attorney had several conversations with officials with Wells Fargo and repeatedly informed the Bank that all communication regarding the Mortgage should be through Plaintiffs' attorney, and not directly to the Plaintiffs.

20. In order to disguise the identity and purpose of the calls, Wells Fargo used multiple representatives from multiple telephone numbers during their frequent and repeated telephone calls to the Plaintiffs.

21. Ignoring the requests from Plaintiffs and their attorney, and seeking only to harass and annoy Plaintiffs, Wells Fargo has continued to carry out their telephone campaign against the Plaintiffs, including calling on Saturdays, Sundays, and even calling multiple times per day.

22. By way of example, over ten days in March 2011 – eight months after being notified that Plaintiffs were represented by counsel – Wells Fargo telephoned Plaintiff Fred Rullo, Jr. ten times on his cell phone alone, including twice on March 8, 2011, twice on March 10, 2011, and on Sunday March 13, 2011. Each of these calls occurred *after* Wells Fargo had been notified that Plaintiffs' had retained counsel, and *after* Plaintiffs had repeatedly informed Wells Fargo to cease calls directly to Plaintiffs.

23. Plaintiffs notified Wells Fargo in July 2010 and October 2010 via their attorney's execution of a form provided by Wells Fargo, as well as personally notifying Wells Fargo's numerous times during Wells Fargo's hundreds of telephone calls to Plaintiffs, that all contact should be through Plaintiffs' attorney.

24. The harassment continued into May 2011.

25. On Monday, May 2, 2011, David Mickus, an attorney with Shapiro Ingle in Asheville, North Carolina, representing Wells Fargo, called Plaintiffs' counsel to discuss a resolution; thus, at this point, Plaintiffs' counsel and Wells Fargo's outside counsel were discussing the matter on behalf of their respective clients.

26. As a result, through its agent Shapiro Ingle, Wells Fargo clearly was aware that the Rullos were represented by counsel.

4

27. Nevertheless, in clear violation of the FDCPA (and the ethical cannons governing lawyers), on May 4, 2011, attorney Jeff Bunda of Shapiro Ingle, a colleague of David Mickus, bypassed Plaintiffs' counsel and called Plaintiffs directly to demand payment of the debt.

28. Plaintiff Fred Rullo replied to Bunda, again reminding Mr. Bunda that Plaintiffs were represented by counsel.

29. On May 5, 2011, Plaintiffs' counsel replied to Bunda, admonishing him to cease direct contact with the Plaintiffs.

30. As a result of the acts above, Plaintiffs have and continue to incur physical and emotional distress, including headaches, nausea, and embarrassment.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. § 1692

31. Plaintiffs repeat and incorporate by reference the foregoing paragraphs.

32. Defendant Wells Fargo violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Engaging Plaintiffs in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiffs at both Plaintiffs' cell phone number and home telephone number;

   b. Engaging Plaintiffs in telephone calls at times which Wells Fargo knew to be inconvenient because Plaintiffs repeatedly requested that Wells Fargo cease calling them, and make all contact through Plaintiffs' attorney; and

33. Contacting Plaintiffs despite being aware that Plaintiffs are represented by an attorney with respect to the Mortgage, and being aware of Plaintiffs' attorney's name and

address from July 2010 the present;Wells Fargo's conduct has caused Plaintiffs physical and emotional distress.

34. As a result of the foregoing violations of the FDCPA, Defendant Wells Fargo Bank, N.A., is liable to the Plaintiffs for declaratory judgment that the Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE Plaintiffs Fred P. Rullo, Jr., and Madeline Rullo respectfully request that judgment be entered against Defendant Wells Fargo, N.A. for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Actual damages in the sum of $25,000;

C. Statutory damages pursuant to 15 U.S.C. § 1692;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692;

E. Injunctive relief enjoining Defendant from contacting Plaintiffs regarding any and all alleged debts; and

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LAMB McERLANE PC**

Dated: August 23, 2011      By:   *Thomas P. Hogan, Jr.*
William H. Lamb (No. 04927)
Thomas P. Hogan, Jr. (No. 67166)
David A. Gomez (No. 209627)
24 E. Market St., Box 565
West Chester, PA 19381-0565
(610) 430-8000

*Attorneys for Plaintiffs Fred P. Rullo, Jr., and Madeline Rullo*

# EXHIBIT A



Authorization to Inquire Form

| | | | |
|---|---|---|---|
| Must be filled out completely by account holder | Date: 7/14/10 | New Authorization: X | Cancel Existing Authorization |
| | Customer Name: Fred & Madeleine Rullo | | Account Numbers: 75322245000001 0005986386 |
| | Customer Address: 321 Applebrook Drive | | City, State, & Zip: Malvern, PA 19355 |
| | Customer Phone: | | |

| Borrower's Signature Required | *[signatures]* |
|---|---|
| | Borrower Signature     Date 7-16-2010 |

| Third Party Information | Name: Vincent T. Donohue, Esquire | Last 4 digits of SSN: 1504 |
|---|---|---|
| | Address: 24 E. Market Street | City, State, & ZIP: West Chester, PA 19382 |
| | Phone: 610-701-1429 | |

| Third Party Signature | *[signature]*    7/14/2010 |
|---|---|
| | Third Party Signature     Date |

| Disclosure | Disclosure Statement: This authorization allows limited informational access to your account for the third party listed. This authorization does not provide to advance any available credit or make financial decisions regarding this account. The third parties may be asked to provide personal information to verify identity if a call is made to request specific information about your account. Wachovia Home Equity Solutions may refuse to disclose any information to a third party who cannot verify his or her secure information. |
|---|---|

Please return to:     FAX

Wells Fargo Home Equity Solutions
1-866-834-7648
&
(602) 328-5720

# EXHIBIT B



Return Mail Operations
P.O. Box 10368
Des Moines, IA 50306-0368

October 04, 2010

007963 1 MB 0.362  7963/007963/018552 035 01 AC03X9 DF018 708

Vincent T Donahue Esq
24 E Market St
West Chester PA  19382-3151

Dear Vincent T Donahue Esq:

RE: Attorney Representation
    Loan Number 0008988386, Client 708
    Borrower: Fred P Rullo Jr
    Co-Borrower: Madeline T Rullo

It is our understanding that you have been retained by the above customer.

Please complete the information below and return to our office as soon as possible so that we may follow-up with this file. This information can be faxed to (866) 917-1877.

Primary contact at attorney firm: **VINCENT T. Donahue**

Reference number (if applicable): **NONE**

Phone Number: **(610) 701-4429**

Reason for Representation: **General representation, including in connection with Borrowers' loans from Wells Fargo, identified as loan numbers:**

Thank you.

**① 7522245-000001**

**② 0008988386**

**See attached authorization, which was sent to Wells Fargo on July 14, 2010.**

*V. T. D. [signature]*



Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.                    007963/019552 AC03X9 7963 ETM1C0

P. 1

\* \* \* Communication Result Report ( Jul. 19. 2010  8:47AM ) \* \* \*

1) Lamb McErlane PC
2)

Date/Time: Jul. 19. 2010  8:46AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1257 | Memory TX | 18668347648 | P. 2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 2) Busy
E. 3) No answer
E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

LAW OFFICES OF **LAMB McERLANE PC**
24 EAST MARKET STREET, BOX 565, WEST CHESTER, PA 19381-0565

Vincent T. Donohue
Voice (610) 430-8000
Fax (610) 692-0210
vdonohue@lambmcerlane.com

July 19, 2010

PLEASE DELIVER IMMEDIATELY TO:

Wachovia Home Equity – Wells Faro Home Equity
Attn: Christopher Gallatin

Re: Fred & Madeleine Rullo

(866) 834-7648

Number of Pages Including Cover   2

BUSINESS LAW • CRIMINAL LAW • ENVIRONMENTAL LAW • ESTATES & TRUSTS • FAMILY LAW • LITIGATION
MUNICIPAL FINANCE • MUNICIPAL LAND USE • PERSONAL INJURY • REAL ESTATE LAW • REINSURANCE • TAX LAW



Authorization to Inquire Form

| | Date: 7/14/10 | New Authorization: X | Cancel Existing Authorization |
|---|---|---|---|
| Must be filled out completely by account holder | Customer Name: Fred & Madeleine Rullo | | Account Numbers: # 7522045000001 # 0008988586 |
| | Customer Address: 321 Applebrook Drive | | City, State, & Zip: Malvern, PA 19355 |
| | Customer Phone: | | |
| Borrower's Signature Required | Borrower Signature | | Date 7-16-2010 |
| Third Party Information | Name: Vincent T. Donohue, Esquire | | Last 4 digits of SSN: 1509 |
| | Address: 24 E. Market Street | | City, State, & ZIP: West Chester, PA 19382 |
| | Phone: 610-701-4429 | | |
| Third Party Signature | Third Party Signature | 7/14/2010 Date | |
| Disclosure | Disclosure Statement: This authorization allows limited informational access to your account for the third party listed. This authorization does not provide to advance any available credit or make financial decisions regarding this account. The third parties may be asked to provide personal information to verify identity if a call is made to request specific information about your account. Wachovia Home Equity Solutions may refuse to disclose any information to a third party who cannot verify his or her secure information. | | |

Please return to:   FAX

Wells Fargo Home Equity Solutions
1-866-834-7648
&
(602) 328-5720